UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ENRIQUE VAN BUREN,

Plaintiff,

vs.                                                                 Case No.: 11-CV-23562-Lenard/O'Sullivan

CREDIT PROTECTION ASSOCIATION,
L.P., and CHARTER COMMUNICATIONS,
LLC,

Defendants.
_____/

## AMENDED COMPLAINT

1.     Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

### JURISDICTION

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to the FDCPA, and the FCCPA.

3.     This action arises out of Defendants' violations of the FDCPA and the FCCPA by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

4.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

5.     Plaintiff, ENRIQUE VAN BUREN, is a natural person who resides in the City of Miami, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

6. Defendant CREDIT PROTECTION ASSOCIATION, L.P., (hereinafter "Defendant CPA") is a collection agency operating from an address of 13355 Noel Road, Dallas, TX 75240, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant CHARTER COMMUNICATIONS, LLC, (hereinafter "Defendant Charter") is a collection agency operating from an address of 12405 Powerscourt Drive, St. Louis, MO 36131, and is a "debt collector" as that term is defined by Florida Statutes § 559.55(6).

8. Defendant CPA regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant CPA regularly collects or attempts to collect debts for other parties.

10. Defendant CPA was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

11. Defendant Charter regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. Defendant Charter regularly collects or attempts to collect debts for other parties.

13. Defendant Charter was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

14. Plaintiff never incurred a financial obligation regarding a past due amount to Charter, however, both Defendants Charter and CPA attempted to collect this non-legitimate debt from Plaintiff.

15. Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred by someone other than the Plaintiff.

16. Upon information and belief, both Defendants knew or should have known that the Plaintiff's social security number is and was different from the number associated with the alleged past due account that Defendants attempted to collect from Plaintiff.

17. Defendants attempted to enforce a debt that they knew was not legitimate.

18. Defendants improperly communicated an amount not permitted by law, mainly, reported a debt that Plaintiff did not owe to consumer credit agencies.

19. Defendants falsely represented the amount and character of the alleged debt to consumer credit agencies.

20. Defendants knew or should have known that the credit information they communicated was false.

21. Defendants attempted to collect an amount of the debt that was not expressly authorized by the agreement creating the debt or permitted by law.

22. Defendants did not maintain and execute policies and/or procedures to ensure that they did not collect from the incorrect person.

## SUMMARY

23. The above-described collection communications made by Defendants Charter and CPA, and/or a collection employee employed by Defendants Charter and CPA, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692e(2), 1692e(8), 1692e(10), 1692f(1), as well as the FCCPA § 559.72(9).

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION
## COUNT 1
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing act and omission of the Defendant CPA and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

27. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 2

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(b)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant CPA improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant CPA for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 3

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant CPA falsely represented the character of the debt that was allegedly owed to Defendant.

32. Defendant CPA attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant CPA for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 4

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692e(8) and 1692e(10)

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     Defendant CPA improperly communicated an alleged debt not permitted by law, mainly, reported an incorrect debt due and owing by Plaintiff to consumer credit agencies.

35.     Defendant CPA's improper discourses to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant CPA for:

A)     Damages and

B)     Attorneys' fees and costs.

## COUNT 5

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692f(1)

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendant CPA falsely represented the character of the alleged debt that was allegedly owed to Defendant.

38.     The alleged debt that Defendant CPA attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant CPA for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 6

### VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

39.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.   Defendants Charter and CPA attempted to enforce a debt that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants Charter and CPA for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 8

### VIOLATION OF FCCPA §559.715

41.   This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants Charter and CPA for:

A)   Damages and

B) Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: November 16, 2011　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ Andrew I. Glenn
　　　　　　　　　　　　　　　　　　　　Andrew I. Glenn, Esq.
　　　　　　　　　　　　　　　　　　　　E-mail: AGlenn@cardandglenn.com
　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 577261
　　　　　　　　　　　　　　　　　　　　J. Dennis Card, Jr., Esq.
　　　　　　　　　　　　　　　　　　　　E-mail:DCard@cardandglenn.com
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0487473
　　　　　　　　　　　　　　　　　　　　Card & Glenn, P.A.
　　　　　　　　　　　　　　　　　　　　2501 Hollywood Boulevard, Suite 100
　　　　　　　　　　　　　　　　　　　　Hollywood, Florida 33020
　　　　　　　　　　　　　　　　　　　　Telephone: (954) 921-9994
　　　　　　　　　　　　　　　　　　　　Facsimile: (954) 921-9553
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff